[Civ. No. 6604. First Appellate District, Division Two.—December 5, 1930.]

THE PEOPLE, Plaintiff and Respondent, v. JOSEPH MILLETT, Defendant and Respondent; FRANK MARSCHALL, Appellant.

William B. Hornblower and Fabian D. Brown for Appellant.

Sullivan & Barry and Theo. J. Roche for Defendant and Respondent.

PRESTON (H. L.), J., *pro tem.*—This is an appeal by defendant Frank Marschall from a judgment entered against him in an eminent domain proceeding.

The facts are briefly these: The state of California, acting through the California highway commission, brought this action to condemn, for highway purposes, a small strip of land in San Mateo County fronting on the county road. The defendant Joseph Millett is the owner of the land sought to be taken, and also the owner of a large area contiguous thereto. On February 3, 1925, Millett and wife leased to defendant and appellant, Frank Marschall, all of the lands owned by Millett, except the dwelling-house, for a term of ten years. The rental for the first three months was $75 per month and $200 per month for the remainder of the lease. Only a very small portion of the land leased to Marschall is sought to be condemned in these proceedings. Marschall was in possession of the land leased and was

using the same for an auto camp and garage business. One of the auto camp cottages projected a short distance on to the land sought to be taken, but this cottage was moved by plaintiff to another location on the leased premises.

The new road runs near a garage built by Marschall on premises leased. Plaintiff, however, before the commencement of this action, paid appellant $2,500 damages to the garage and, therefore, the question of damages to the garage is not an issue in this case.

The case was tried before the court without a jury and the court found that Millett had sustained damages in the sum of $2,473.50 for the land taken, and also sustained further damages in the sum of $2,400 by reason of its severance from the balance of the land not taken, making a total sum of $4,873.50, and rendered judgment accordingly.

The court also found that the appellant Marschall had sustained no damages whatever, either by reason of the taking of the small strip under lease, the removal of the cottage or by reason of its severance from the other portion of the land held by him under lease.

Appellant Marschall contends that the court erred in awarding all of the damages to Millett and none to him—that he should have been awarded $2,207 thereof, and prays that the judgment be modified accordingly; or, in other words, he claims that the uncontradicted evidence shows that his leasehold interest was damaged, by reason of the taking of the strip for highway purposes and its severance from the portion not taken, in the sum of $2,207, and that out of the total damages awarded by the court to Millett he should have been paid that amount.

The court having found that appellant's leasehold interest was not damaged, and that Millett, the owner of the land, was entitled to all of the damages awarded, we are helpless to interfere, provided the findings of the court are sustained by the evidence. This rule is so well established that citation of authority is entirely unnecessary.

We have examined the entire record with care and we think the findings of the trial court find substantial support in the evidence. The evidence shows that a wide boulevard has been constructed in front of appellant's garage and auto camp and that access to and egress from it have both been facilitated by the construction of the proposed highway.

The testimony of Mr. E. G. Poss, assistant division engineer of the California highway commission, is sufficient upon which to sustain the findings of the trial court.

It is unnecessary to state the evidence here in detail. The case, in its last analysis, is a simple question of fact, and the trial court having determined that question upon sufficient evidence, against the contention of appellant, we are powerless to interfere. In view of this fact, we deem a further discussion of the case entirely unnecessary.

The judgment should be affirmed, and it is so ordered.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 3, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 2, 1931.